94 F.3d 642
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. FLEMING, a/k/a Brian Eugene Jones, a/k/a Volvo,
Defendant-Appellant.
 No. 95-5836.
 United States Court of Appeals, Fourth Circuit.
 Aug. 16, 1996.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Robert Fleming, while under a term of supervised release imposed upon a conviction for conspiracy to distribute cocaine base,[1] entered a New York City social club displaying a shotgun and forcibly removed jewelry and currency from the club patrons. Police arrested Fleming at the scene. Subsequently, Fleming pled guilty to first degree robbery in New York state court, and was sentenced to eight to sixteen years incarceration.
 
 
 2
 One of the conditions of the supervised release imposed upon Fleming's conviction for conspiracy to distribute cocaine base was that he not commit a crime during the term of supervision. Consequently, in a proceeding after his conviction and sentencing for robbery, Fleming's supervised release was revoked, and he was sentenced to twenty-four months in prison. In this appeal, Fleming challenges the revocation and twenty-four month sentence imposed for violating his supervised release as a violation of the Double Jeopardy Clause of the Fifth Amendment.[2] Finding no merit in Fleming's claim, we affirm the judgment of the district court.
 
 
 3
 We find that our recent decision in United States v. Woodrup, 86 F.3d 359 (4th Cir.1996), is largely dispositive of this action. In Woodrup, we held "that the Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release."[3] Likewise, we find that the Double Jeopardy Clause does not prohibit a term of incarceration for violating the terms of supervised release after the conviction and sentencing for the offense which formed the basis for the revocation. Accordingly, the district court's order revoking Fleming's supervised release and imposing a sentence of twenty-four months incarceration is affirmed.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRME.D
 
 
 [1]
 21 U.S.C. § 846 (1988)
 
 
 [2]
 See Schiro v. Farley, 114 S.Ct. 783, 789 (1994)
 
 
 [3]
 Woodrup, 86 F.3d at 363 (citing United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.), cert. denied, 115 S.Ct. 2289 (1995))